By the Court.
The S., J., & P. R. R. Co., a corporation doing business, but actually insolvent, on August 21, 1878, in payment of a debt due to D., assigned to him an instrument reading thus:
“I hereby 'agree‘to pay to W. C. Safford, his heirs, executors, administrators or assigns, five hundred dollars, upon the completion of the Springfield, Jackson, & Pomeroy Railroad, from Springfield, in Clarke County, Ohio, to Jackson, in Jackson County, Ohio, and the cars are actually running on Said: road between said two designated points, provided that the said Safford shall subscribe one’ thousand dollars of stock to said road, to be paid upon the completion of- said road, and when the cars are actually *16 running thereon between Springfield and Jackson, as above stated.
Dated June 24, 1875. - G. W. A. Clough.”
“I hereby accept the above offer to which G. W. A. Clough has affixed his signature, and I here subscribe twenty shares of stock of fifty dollars each to said Springfield, Jackson, & Pomeroy Railroad, to be paid when said Clough has fulfilled his obligation in the above contract.
Wm. C. Safford.”
The road was completed, and the cars running on July 20, 1878. On February 14, 1879, D. sued S., averring, in addition to these facts, that S. had refused to sue C. for the $500, and that a reasonable time had elapsed, but did not aver that the money could have been collected by suit.
After his demurrer to the petition was overruled, S., by answer, claimed to set off scrip owned by him like this:
“ The Springfield, Jackson, & Pomeroy R. R. Co. (Narrow Gauge),
Will pay the bearer on demand, at the offices of the sub-treasurers of said company, in Springfield, South Charleston, South Solon, Jeffersonville, Washington, Greenfield, Bainbridge, Waverly or Jackson, ONE DOLLAR on their subscription to the- capital stock of said company.
Waverly, O., Sept. 1, 1876. No. 837.
Jas. Emmitt, President.
Geo. A. Bathes, Secretary.”
When notified of the transfer, S. owned $250 in scrip, and afterwards bought more.
Held: . 1. The assignment was valid.
2. S. was not bound to sue for the $500 unless it was collectible. Would he be then bound to sue? Queere.
3. S. had a right to set off the $250 of scrip; but if his liability on his subscription had matured, he could not set off against D. scrip bought after notice of the assignment.

Judgment affirmed.